# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____

|   |   |
|---|---|
| **Ratner & Prestia, P.C.** | : |
| **Plaintiff,** | : |
|  | : |
| **v.** | : **Case 2:16-cv-01424-JHS** |
|  | : |
| **Stolmár & Partner Patentanwalte PartG mbB,** | : |
| **and** | : |
| **Matthias Stolmár,** | : |
| **and** | : |
| **Hansjörg Rembold,** | : |
| **Defendants** | : |

_____

_____

## ORDER ON MOTION OF DEFENDANTS TO DISMISS THE COMPLAINT WITH PREJUDICE UNDER FED.R.CIV.P.12(b)(2)

_____

AND NOW, this _____ day of _____, 201__, upon consideration of the Motion to Dismiss of Defendants, Stolmár and Partner Patentanwalte PartG mbB, Matthias Stolmár, and Hansjörg Rembold, under Fed.R.Civ.P.12(b)(2), and any response thereto, and for good cause shown, it is hereby ORDERED that this action is DISMISSED WITH PREJUDICE.

_____
Hon. Joel H. Slomsky, District Judge

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Ratner & Prestia, P.C.** | : |
| **Plaintiff,** | : |
| **v.** | : **Case 2:16-cv-01424-JHS** |
| **Stolmár & Partner Patentanwalte PartG mbB,** | : |
| **and** | : |
| **Matthias Stolmár,** | : |
| **and** | : |
| **Hansjörg Rembold,** | : |
| **Defendants** | : |

**MOTION OF DEFENDANTS TO DISMISS WITH PREJUDICE**

  Defendants, Stolmár and Partner Patentanwalte PartG mbB, Matthias Stolmár, and Hansjörg Rembold, move this Court to dismiss the Complaint and the captioned action with prejudice for lack of personal jurisdiction as provided in Fed.R.Civ.P.12(b)(2).  A memorandum of law in support and a proposed order are attached.

         Respectfully Submitted.

         /s/ Peter M. Dolinger
         PETER M. DOLINGER, ESQUIRE
         Pa. Attorney No. 53178
         LAW OFFICE OF PETER M. DOLINGER
         1835 Market St. #2700
         Philadelphia, PA 19107
         Tel: (215) 575-9220
         Fax: (215) 575-9226
         peter@dolinger.com
         *Counsel for Defendants*:
         Stolmár & Partner Patentanwalte PartG mbB,
         Dr. Matthias Stolmár, and
         Dr. Hansjörg Rembold

Dated: July 19, 2016

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| Ratner & Prestia, P.C. | : | |
| Plaintiff, | : | |
| v. | : | Case 2:16-cv-01424-JHS |
| Stolmár & Partner Patentanwalte PartG mbB | : | |
| and | : | |
| Matthias Stolmár, | : | |
| and | : | |
| Hansjörg Rembold, | : | |
| Defendants | : | |

_____

_____

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS WITH PREJUDICE

_____

Defendants, Stolmár & Partner Patentanwalte PartG mbB (″Stolmar & P.″), Dr. Matthias Stolmár (″Stolmar,″ or ″Dr. Stolmar″), and Dr. Hansjörg Rembold (″Rembold,″ or ″Dr. Rembold″), respectfully submit this Memorandum of Law in support of their Motion to Dismiss With Prejudice, under Federal Rule of Civil Procedure 12(b)(2), the Complaint of Plaintiff Ratner & Prestia, P.C. (″RatnerPrestia″ or ″Ratner″).

### INTRODUCTION

Plaintiff is a patent law firm with offices in Radnor, Pennsylvania. In 2014, they set out to add an office in Munich, Germany. They had experience with a three-partner patent law firm in Munich. They approached the Munich firm about becoming a branch office of their firm. Negotiations ensued. Plaintiff succeeded in recruiting one of the three partners, and one ″Of Counsel″ attorney of the Munich firm; the recruited attorneys now work for Plaintiff in the Munich office Plaintiff sought. The remaining two Munich partners ultimately declined Plaintiff's offers and stayed with their law firm in Munich.

Plaintiff now brings suit against the declining partners and their firm, on a variety of theories, including damages "caused by Defendants' unlawful, unethical, intentional and deliberate acts," Compl. ¶ 1.

Defendants hereby move to dismiss the Complaint for lack of personal jurisdiction. The Complaint fails to show that the Defendants are at home in Pennsylvania, or directed any action at the forum of Pennsylvania. The Complaint fails to show relevance of Pennsylvania to anything that is claimed by Plaintiff. The Complaint fails to show anything that should have notified Defendants they could be haled into court in Pennsylvania. A new case between these parties in Pennsylvania would be untoward and wasteful, given that they are already enmeshed in litigation in Munich.

## FACTS AS ALLEGED IN COMPLAINT

The Complaint alleges in its jurisdictional statement that Defendants "regularly conduct business in Pennsylvania, substantially communicated and coordinated with RatnerPrestia in this judicial district relating to the opening of RatnerPrestia's Munich Office, and/or . . . have caused tortious injury to RatnerPrestia in this judicial district." Compl. ¶ 7. The Complaint further offers:

> One of the several German Intellectual Property law firms with which RatnerPrestia has had a business relationship for many years is Stolmar & Partner and its named partner, Stolmar . . . For many years, RatnerPrestia & Stolmar & Partner regularly transacted business together, including (a) communicating with each other via email, telephone and written correspondence, (b) billing and paying each other for each firm's respective work, (c) meeting with each other at professional organization meetings and (d) participating in professional programs together, including programs held at RatnerPrestia's Pennsylvania office.

Compl. ¶¶ 14, 15. As for specifics that might elucidate whether Defendants may be

subject to suit in this forum, the Complaint alleges:

Plaintiff Ratner is a firm of "approximately 40 lawyers/patent agents" based in Berwyn Pennsylvania, Complaint (Compl.) ¶ 9.  Defendant Stolmar & P. is a German law firm, formerly composed of three partners: Defendant Stolmar; Defendant Rembold; and a Fritz Wetzel ("Mr. Wetzel") who, during the events at issue, left Stolmar & P. to join Ratner's office in Munich.  Compl. ¶¶ 14, 23, 27.

In April, 2014 Ratner, having "decided that having a German office would benefit its clients," Compl. ¶ 15, proposed, "in Munich," that the Stolmar firm should become Ratner's "German office," Compl. ¶ 17.  According to the Complaint, Dr. Stolmar "expressed a clear interest," and even foresaw the plan as "Zitronenwurzelholz," meaning it would "last forever," Compl. ¶ 18.  A non-disclosure agreement was signed on a "potential merger/acquisition," Compl. ¶ 19; Compl. Exh. B.  The Complaint alleges in Sept. 2014 Ratner met with Stolmar & P. lawyers in Washington D.C. and in Munich, Compl. ¶¶ 24, 25.  Stolmar & P. lawyers present in such meetings included Dr. Stolmar, Compl. ¶ 24; Mr. Wetzel (the former Stolmar & P. partner who is now shareholder of RatnerPrestia); and "Alexander Son, a German attorney [of] limited affiliation with Stolmar & Partner" and now "a shareholder of RatnerPrestia," Compl. ¶¶ 23, 25.  Defendant Rembold, although a partner of Stolmar & P., is not mentioned as participating in preliminary meetings.  The Complaint alleges Dr. Stolmar, "without the knowledge of RatnerPrestia," "made Dr. Hans-Jorg Rembold [sic] aware of the joinder plans." Compl. ¶ 27.  In October 2014, Ratner sent a joinder plan to Defendants Stolmar and Rembold, and also to Mr. Wetzel, Compl. ¶ 30.

By November, 2014 "key information" allegedly due Ratner from Stolmar & P. was months late; in fact, "[m]any documents that had been promised to RatnerPrestia for months were never sent," Compl. ¶¶ 32-35. "The next round of talks occurred in Washington, D.C. during November 18-20, 2014, Compl. ¶ 36; those talks are not otherwise described. "Based on "Stolmar's commitment to join Stolmar & Partner with RatnerPrestia," Compl. ¶ 37, Dr. Stolmar was invited to a Ratner-hosted trade meeting on American and European patent law developments in Washington, D.C. in May 2015, Id. Ratner alleges Stolmar was negotiating during this time in "secret" with "a major law firm in Munich" while "deceptively" advising that Stolmar & P. "intended to join RatnerPrestia to become its Munich Office," Compl. ¶¶ 38, 39. At the May 2015 trade meeting, however, Dr. Stolmar allegedly indicated "for the first time" that he was "not fully committed to the joinder." Compl. ¶ 40; however, Dr. Rembold, Mr. Wetzel and Mr. Son "were still interested," Compl. ¶ 41.

In June and July 2015, Defendant Rembold, Mr. Wetzel, and Mr. Son signed a "Memorandum of Understanding" allegedly stating they intended to join Ratner; they allegedly also signed "agreement letters" as to employment with RatnerPrestia," Compl. ¶ 44, 46, Exh. C.

According to the Complaint, Defendant Rembold "never intended to join" but signed the employment letter "fraudulently," "in order to provide Stolmar with information concerning the activities of RatnerPrestia, Mr. Wetzel and Mr. Son," in a "conspiracy," Compl. ¶ 52, 53, 54. On September 1, 2015, "in violation of the signed MOU, the signed employment letter, and his verbal commitments to RatnerPrestia," Rembold advised "he

-4-

was going to stay at Stolmar & Partner." Compl. ¶ 55.

The Complaint additionally alleges, ¶¶ 57, 58, that Mr. Son quit Stolmar & P. to join Ratner but that Stolmar "continues to hold out Mr. Son as affiliated" with Stolmar & P., "to destroy RatnerPrestia's business relationships with its current clients and prospective clients," Compl. ¶¶ 58-67. Although Mr. Son is not a party to the present case, Plaintiff Ratner demands a declaration and injunction as to Mr. Son's affiliation as represented by Stolmar & P., Compl. ¶¶ 106-110.

## STANDARD OF DECISION

"Generally, a plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence." Corigliano v. Classic Motor, Inc., No. 14-3586, 2015 WL 2167743, at *1 (3d Cir. May 11, 2015). A motion to dismiss for lack of personal jurisdiction requires plaintiff's case to survive a "prima facie" analysis, "under which the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor," LaSala v. Marfin Popular Bank Pub. Co., 410 F. App'x 474, 476 (3d Cir. 2011). If the prima facie standard is met, then in the face of a motion Plaintiff "shoulders the burden of demonstrating facts that establish personal jurisdiction." Boyd v. Arizona, 469 F. App'x 92, 97 (3d Cir.2012). State law generally determines the bounds of a federal court's jurisdiction over persons," Daimler AG v. Bauman, 134 S.Ct. 746, 753, 187 L.Ed.2d 624, 82 USLW 4043(2014). In cases within a Pennsylvania federal judicial district, however, "[b]ecause Pennsylvania has chosen to exercise jurisdiction to the fullest extent possible," federal due process limits control. Allaham v. Nadaf, No. 13-3564, 2015 WL 3421464, at *3, citing Isaacs v. Arizona Bd. of Regents, No. 14-3985, 2015 WL

1534362, at *3 (3d Cir. Apr. 7, 2015).

The Due Process Clause of the United States Constitution, U.S. Const. Am. XIV §
1, protects a defendant against suit in a foreign forum unless the defendant has "minimum
contacts" such that haling him into the forum "does not offend traditional notions of fair
play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct.
154, 90 L.Ed. 95 (1945). "This principle is based on the notion that a defendant will have
'fair warning' that it may be subject to a suit in a state where it has minimum contacts."
Burry v. Cach LLC, No. 14-2139, 2015 WL 328182, at *2 (E.D.Pa. Jan. 22, 2015), citing
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

The Third Circuit, in Isaacs v. Arizona Bd., 608 Fed. App'x. 70,74 (2015), 2015
WL 1534362 at *3, has provided an analytical approach to determining whether a case
against a nonresident defendant survives jurisdictional scrutiny:

> [D]ue process principles have been characterized as falling under either
> specific or general jurisdiction.  General jurisdiction grants courts the ability
> to hear "any and all claims" against out-of-state defendants "when their
> affiliations with the state are so 'continuous and systematic' as to render them
> essentially at home in the forum State." Goodyear Dunlop Tires Op., S.A. v.
> Brown, --- U.S. ----, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011).
> General jurisdiction is invoked when the plaintiff's cause of action arises
> from the defendant's non-forum related activities. Vetrotex Certainteed Corp.
> v. Consolidated Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir.1996)
> (internal quotation marks and citation removed). Specific jurisdiction, in
> contrast, is present where the plaintiff's cause of action arises out of a
> defendant's forum-related activities, such that the defendant "should
> reasonably anticipate being haled into court" in that forum. Id. at 151
> (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297,
> 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The exercise of specific jurisdiction
> is permissible where: (1) the defendant purposely directed his activities at the
> forum state; (2) the plaintiff's claim arises out of and relates to at least one
> of those specific activities; and (3) the exercise of jurisdiction comports with
> fair play and substantial justice. See Marten v. Godwin, 499 F.3d 290, 296
> (3d Cir.2007).

The court in <u>Isaacs v. Arizona Bd.</u> continues:

> A separate route to specific personal jurisdiction is available to victims of intentional torts; this is the "effects test" stemming from the Supreme Court's decision in <u>Calder v. Jones</u>, 465 U.S. 783, 788-90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), which holds that intentional torts aimed at a forum state and causing injury within that state can subject a tortfeasor to jurisdiction in that state. <u>Id.</u> The effects test requires the plaintiff to show that: "(1) [t]he defendant committed an intentional tort; (2)[t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) [t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." <u>Marten</u>, 499 F.3d at 297 (citation omitted).

<u>Isaacs v. Arizona Bd.</u>, 2015 WL 1534362, at *3-4.

## ARGUMENT

I.   **THE COMPLAINT FAILS TO SHOW A BASIS FOR PERSONAL JURISDICTION IN THIS FORUM AS TO ANY DEFENDANT**

    A.   **General personal jurisdiction in Pennsylvania is not indicated.**

The United States Supreme Court recently reviewed the requirements for general jurisdiction in <u>Daimler AG v. Bauman</u>, 134 S.Ct. 746 (2014).  For general jurisdiction, the appropriate consideration is whether a defendant's "'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" <u>Id.</u>, quoting <u>Goodyear Dunlop Tires</u>, 131 S.Ct. at 2854: "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."

In the case *sub judice*, the Complaint admits Defendant Stolmar & P. is a German partnership located in Munich, Germany, Compl. ¶ 3, and the individual Defendants are German citizens from Munich, Compl. ¶¶ 4-5.  As for any Defendant activities that might

have to do with Pennsylvania, the Complaint alleges Stolmar & P. had "a business relationship" with Ratner, Compl. ¶ 14; the two firms are alleged to have "transacted business together" including "billing and paying each other," Compl. ¶ 15; they are alleged "meeting with each other at professional organization meetings" (location not stated); and Stolmar & P. is said to have participated in "programs held at RatnerPrestia's Pennsylvania office," Compl. ¶ 15.  The last, and sole, allegation that would place any Defendant, ever, physically within Pennsylvania, unexplained as to the dates or topics of the programs.

These allegations fail to meet the standard for general personal jurisdiction enunciated by the Supreme Court.  There is no indication Defendants have a home, office, agent, property, or license in Pennsylvania.  The Complaint includes nothing showing Defendants' contacts with Pennsylvania are continuous and systematic or would otherwise render Defendants "at home" in Pennsylvania.

**B.      Specific personal jurisdiction in Pennsylvania is not indicated.**

As cited above, the Third Circuit Court in Isaacs v. Arizona Bd. counsels that specific personal jurisdiction may attach where the plaintiff's action arises out of a defendant's "forum-related activities," and three factors are all present:

(1) the defendant purposely directed his activities at the forum state;

(2) the plaintiff's claim arises out of and relates to at least one of those specific activities; and

(3) the exercise of jurisdiction comports with fair play and substantial justice.

Isaacs v. Arizona Bd. at *3.

1.    **The Complaint fails the first and second of the three specific jurisdiction prongs.**

As discussed, Plaintiff's claim arises out of their not-completely-successful effort to turn Defendants' Munich firm into Ratner's Munich office.  As for activities of Defendants directed at Pennsylvania, the Complaint alleges only that Defendants "substantially communicated and coordinated with RatnerPrestia in this judicial district relating to the opening of RatnerPrestia's Munich Office," Compl. ¶ 7.  This very allegation indicates Defendants' actions complained of were not directed at Pennsylvania, but at Munich.  The same is indicated throughout the Complaint:

--    "RatnerPrestia decided that having a German office would benefit its clients," Compl. ¶ 16;

--    Ratner "raised the idea" during a "dinner with Stolmar in Munich."  Compl. ¶ 17;

--    "RatnerPrestia relied on [Defendants] . . . in furtherance of RatnerPrestia's plans to open an office in Munich, Germany," Compl. ¶ 33;

--    Dr. Stolmar allegedly deceived Ratner into believing Stolmar & P. "intended to join RatnerPrestia to become its Munich Office," Compl. ¶ 38.

Defendants are not alleged directing activity at the forum of Pennsylvania.  The Complaint fails to satisfy the first <u>Isaacs v. Arizona Bd.</u> prong.

The Complaint likewise fails the second <u>Isaacs v. Arizona Bd.</u> prong, which requires that the claim arise out of an activity directed at the forum state.  The Complaint concerns activity directed to Munich.  Communications to Pennsylvania about Munich fail to satisfy the standard.

Abiaad v. Karadche, No. 11-5961, 2013 WL 797446, (E.D.Pa. 2013) is instructive. Plaintiff, in Pennsylvania, promoted concert tours.  Defendant was a Californian with whom plaintiff had worked to promote tours.  Plaintiff felt wronged and sued Defendant in Pennsylvania for breach of contract and tortious interference.  Seeking to meet his burden on personal jurisdiction, plaintiff cited business calls and emails to and from plaintiff's office in Pennsylvania in the course of contracting with Defendant.  The District Court held plaintiff failed to show specific personal jurisdiction, in significant part because the Abiaad defendant's activities, although they involved communications to and from plaintiff's office in Pennsylvania, did not concern the forum of Pennsylvania: the subject of the communications were the concerts, which were venued outside Pennsylvania.  Abiaad v. Karadche, 2013 WL 797446 at *10.  Additionally, the Court held Mr. Abiaad's case "does not appear to arise out of the alleged phone calls and emails." Id.

The Abiaad Court cited Wolstenholme v. Bartels, No. 11-3767, 2013 WL 209207 (3d Cir. Jan. 18, 2013), which is similarly instructive.  Plaintiff argued for jurisdiction over defendant, a resident of Louisiana, in part because "all of the transactions were based on phone calls initiated by [defendant] to [plaintiff] in Pennsylvania, as well as e-mails and faxes." Wolstenholme, 2013 WL 209207 at *9.  The Third Circuit, upholding the District Court's dismissal, held that despite defendant's communications to Pennsylvania, plaintiff "failed to show that [defendant] (a nonresident) and his alleged scheme (which concerned transactions and companies outside of Pennsylvania) somehow benefited from [plaintiff's] living in Pennsylvania, or received some protection from that forum's laws." Wolstenholme, 2013 WL 209207 at *9-10.

-10-

The reasoning of <u>Abiaad</u> and <u>Wolstenholme</u> is applicable to the present matter: contracting with, and communicating with, someone outside Pennsylvania, about something outside Pennsylvania, does not state a basis for specific personal jurisdiction in Pennsylvania.

### 2.    The Complaint fails the third specific jurisdiction prong.

The third <u>Isaacs v. Arizona Bd.</u> prong of the specific jurisdiction analysis, comportment with fair play and substantial justice, stems from the line of Supreme Court cases starting with <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which held that for personal jurisdiction to attach to a non-forum defendant, "maintenance of the suit [must] not offend traditional notions of fair play and substantial justice," <u>International Shoe</u>, 326 U.S. at 316.  The Supreme Court held in <u>Hanson v. Denckla</u>, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) that for a non-forum party to have fair notice that it may be haled into the forum, the party must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," <u>Hanson v. Denckla</u>, 357 U.S. at 253.  The case of <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) held that despite foreseeability that a plaintiff could be wronged in his own forum in connection with his relationship to the defendant, personal jurisdiction may attach only if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." <u>Id.</u> at 297.  In the 1985 <u>Burger King</u> case, the Court posited, [i]f the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we

believe the answer clearly is that it cannot." Burger King, 471 U.S. at 479.

Citing the Supreme Court precedents, the Third Circuit, in Pennzoil Products Co. v. Colelli & Associates, Inc., 149 F.3d 197,206 (3d Cir.1998), has listed five 'fairness factors' to be employed in the analysis of fair play and substantial justice. Pennzoil, 149 F.3d at 206. The factors "include the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Id.

Maintaining this matter in Pennsylvania would severely offend the first factor, burden on the Defendants, who are from Munich and who would have to arrange travel and lodging for themselves and their witnesses, all of whom are in Munich.  As for the second factor, state interest, Pennsylvania would have no interest in the ownership and staffing of a law office in Germany.  As for the third factor, efficient resolution, this would be ill-served in Pennsylvania.  Plaintiff and Defendants are already enmeshed in litigation in a case in Munich.  The Munich case pre-dates this one.[1]  The Munich case involves the same parties at bar here, plus Mr. Alexander Son who, as mentioned, was affiliated with Stolmar & P., Compl. ¶ 25, and is now a Ratner partner, Id.  The Munich litigation concerns some of the same matters Plaintiff alleges *sub judice*: Plaintiff Ratner complains of "unfair competition"

---

[1]     See EXHIBIT A, cover sheets of Landgericht München l, Az. 3001903/16, Stolmar & Partner PartG mbB, ges.vertr.d. Dr. Matthias Stolmar und Dr. Hansjörg Rembold gegen 1) Son Alexander, 2)Ratner Prestia, (stamped filed February 3, 2016).

as to Defendants' portrayal of Mr. Alexander Son after he purportedly severed his ties at Stolmar & P. in order to join RatnerPrestia in Munich, Compl. ¶¶ 89ff.  The ongoing litigation in Munich involves a written cooperation agreement between Mr. Son and Stolmar & P., and how it affects attribution fees for certain Korean client matters, at certain times, as among Stolmar & P., RatnerPrestia, and Mr. Son.  A Pennsylvania forum would be inefficient and could lead to conflicting results.

To summarize, considerations of fair play and substantial justice militate against finding personal jurisdiction in this case, as do all factors relevant to specific personal jurisdiction.  A contrary conclusion would lead to perverse results: a "target" company anywhere, receiving but ultimately declining a contractual offer concerning activity in the target's home forum, would run the risk of facing suit in the offeror's home forum, offending due process.

### C. THE COMPLAINT FAILS TO SHOW PERSONAL JURISDICTION AGAINST ANY DEFENDANT BASED ON INTENTIONAL TORT

Plaintiff pleads, "Defendants have caused tortious injury to RatnerPrestia in this judicial district," Compl. ¶ 7.  Intentional tort counts include tortious interference, fraud, conspiracy, and unfair competition.  See Compl. ¶¶ 68 ff.

As cited above, the Third Circuit, in Isaacs v. Arizona Bd. of Regents, 2015 WL 1534362 at *3-4, cited the "effects test" employed in Calder v. Jones, 465 U.S. 783, 788-90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), in judging whether personal jurisdiction may attach in cases alleging intentional torts as a "separate route to specific personal jurisdiction," Isaacs v. Arizona Bd. at *4.  As outlined in Isaacs, the test includes an analysis of whether the plaintiff especially felt the tortious effects in the forum, and the

defendant expressly "aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity," Id. (emphasis added; citation omitted).

The Supreme Court recently considered the jurisdictional importance of whether activity was allegedly directed at a forum, as distinct from activity directed at a plaintiff located in a forum.  In Walden v. Fiore, 134 S. Ct. 1115, 188 L. Ed. 2d 12, 82 USLW 4097 (2014), the Court held "the defendant's suit-related conduct must create a substantial connection with the forum State," which depends on two factors:

-- "[f]irst, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State" (emphasis by the Court; citation omitted), Walden v. Fiore, 134 S. Ct. at 1121.  The Court specifically rejected attempts to satisfy the due process requirements for jurisdiction, which is a "defendant-focused" inquiry, Id., via the forum contacts of the plaintiff; and

-- "[s]econd, our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  Id.

Applying the Walden v. Fiore analysis to the present case:

-- no "suit-related conduct" of Defendants is alleged that "create[d] a substantial connection with the forum State," Walden v. Fiore, 134 S. Ct. at 1121.  As discussed, the suit-related conduct of Defendants is their alleged actions as to a potential takeover of their law practice in Munich;

-- as for whether "defendant himself" created the contact with Pennsylvania, Id., the venture at issue here was initiated by Ratner, not Defendants, as Ratner admits, see Compl. ¶ 17; and

--      although Plaintiff alleges it suffered injury within the forum, such allegation fails the distinction in <u>Walden v. Fiore</u>: plaintiff bears the burden to show ″defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.″ <u>Walden v. Fiore</u>, 134 S. Ct. at 1121.

## CONCLUSION

For all the foregoing reasons, Moving Defendants move the Court to dismiss the Complaint, in its entirety and with prejudice, under Fed. R. Civ. Pro. 12(b)(2).

Respectfully Submitted.

/s/ Peter M. Dolinger
Peter M. Dolinger, Esquire

Pa. Attorney No. 53178
LAW OFFICE OF PETER M. DOLINGER
1835 Market St. #2700
Philadelphia, PA 19103
Tel: (215) 575-9220  Fax: (215) 575-9226
peter@dolinger.com
*Counsel for Defendants:*
Stolmár & Partner Patentanwalte PartG mbB,
Dr. Matthias Stolmár, and
Dr. Hansjörg Rembold

Dated: July 19, 2016

## CERTIFICATE OF SERVICE

I hereby Certify that the above Motion to Dismiss and accompanying papers have been filed with the court electronically and are available for viewing and downloading from the E.D.Pa. ECF system by the following:

Benjamin E. Leace, Esq.
RatnerPrestia
1235 Westlakes Drive #301
Berwyn PA 19312

/s/ Peter M. Dolinger

Peter M. Dolinger, Esquire
Pa. Attorney No. 53178
**LAW OFFICE OF PETER M. DOLINGER**
1835 Market St. #2700
Philadelphia, PA 19103
Tel: (215) 575-9220
Fax: (215) 575-9226
peter@dolinger.com
*Counsel for Defendants:*
Stolmár & Partner Patentanwalte PartG mbB,
Dr. Matthias Stolmár, and
Dr. Hansjörg Rembold

Dated: July 19, 2016

# EXHIBIT A

# SNP SCHLAWIEN

RECHTSANWÄLTE   STEUERBERATER   WIRTSCHAFTSPRÜFER

SNP Schlawien Partnerschaft mbB | Türkenstraße 16 | 80333 München

Landgericht München I
80316 München

Allgemeine Eingangsstelle I(
der Justizbehörden in München

**0 3. FEB. 2016 N**

Bell.

2

Dr. Wilhelm Vogt
Rechtsanwalt
Fachanwalt für Handels- und
Gesellschaftsrecht

Sekretariat: Annelen Holzer
Tel.: +49 (0)89 28634-270
Fax: +49 (0)89 28634-300
wilhelm.vogt@snp-online.de

**Officium an den Pinakotheken
Türkenstraße 16
80333 München**
www.snp-online.de

**SNP Schlawien Partnerschaft mbB
Rechtsanwälte Steuerberater
Wirtschaftsprüfer**
Sitz: München | AG München | PR 213
Member of Legal Network International
www.lninternational.com

## Klage

Aktenzeichen: 00010-16/wv/AH
3. Februar 2016

In Sachen

**Stolmár & Partner Patentanwälte PartG mbB, Blumenstraße 17, 80331 München, ges. vertreten durch Dr. Matthias Stolmár und Dr. Hansjörg Rembold**

- Klägerin -

Prozessbevollmächtigte: SNP Schlawien Partnerschaft mbB, Türkenstraße 16, 80333 München

gegen

**Alexander Son, geschäftsansässig Ratner Prestia, Altheimer Eck 2, 80331 München**

- Beklagter zu 1 -

**Ratner Prestia, Altheimer Eck 2, 80331 München, vertreten durch Alexander Son, Joshua L. Cohen, Rex A. Donr**

**Leace, Christopher**
**Brian P. O´Shaughr**
**Jonathan H. Spadt, !**



wegen Forderung

vorläufiger Streitwert:

MÜNCHEN I BERLIN

# SNP SCHLAWIEN

RECHTSANWÄLTE   STEUERBERATER   WIRTSCHAFTSPRÜFER

SNP Schlawien Partnerschaft mbB | Türkenstraße 16 | 80333 München

Landgericht München I
80316 München

**Dr. Wilhelm Vogt**
Rechtsanwalt
Fachanwalt für Handels- und
Gesellschaftsrecht

Sekretariat: Annelen Holzer
Tel.: +49 (0)89 28634-270
Fax: +49 (0)89 28634-300
wilhelm.vogt@snp-online.de

**Officium an den Pinakotheken**
**Türkenstraße 16**
**80333 München**
www.snp-online.de

**SNP Schlawien Partnerschaft mbB**
**Rechtsanwälte Steuerberater**
**Wirtschaftsprüfer**
Sitz: München | AG München | PR 213
Member of Legal Network International
www.lninternational.com

## Klage

Aktenzeichen: 00010-16/wv/AH
3. Februar 2016

In Sachen

**Stolmár & Partner Patentanwälte PartG mbB, Blumenstraße 17, 80331 München, ges. vertreten durch Dr. Matthias Stolmár und Dr. Hansjörg Rembold**

- Klägerin -

Prozessbevollmächtigte: SNP Schlawien Partnerschaft mbB, Türkenstraße 16, 80333 München

gegen

**Alexander Son, geschäftsansässig Ratner Prestia, Altheimer Eck 2, 80331 München**

- Beklagter zu 1 -

**Ratner Prestia, Altheimer Eck 2, 80331 München, vertreten durch Alexander Son, Joshua L. Cohen, Rex A. Donnelly, Jacques L. Etkowicz, Barbara A. Foley, Keith E. George, Benjamin E. Leace, Christopher R. Lewis, Wm Jackson Matney jr., John W. McGlynn, Kenneth N. Nigon, Brian P. O´Shaughnessy, Michael P. F. Phelps, Christopher A. Rothe, Thomas G. Southard, Jonathan H. Spadt, Stephen J. Weed, Fritz Wetzel, Friedrich Scheele**

- Beklagte zu 2 -

wegen Forderung

vorläufiger Streitwert: 60.000,00 €